UNITED STATES of America,
Plaintiff–Appellee

v.

Gilberto RIVERA–RAZO,
Defendant–Appellant.

No. 11–40206
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 2012.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

---

Kimberly S. Keller, Keller Law Firm, Boerne, TX, for Defendant–Appellant.

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM: *

A jury convicted Gilberto Rivera–Razo of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. He was sentenced to a 121–month prison term. On appeal, he challenges only the district court's decision to give a deliberate ignorance instruction to the jury. Taking into account the totality of the evidence and drawing all reasonable inferences in the light most favorable to the Government, we conclude that the district court did not abuse its discretion. *See United States v. Nguyen,* 493 F.3d 613, 619 (5th Cir.2007); *United States v. Lara–Velasquez,* 919 F.2d 946, 952 (5th Cir.1990).

A deliberate ignorance instruction may be given only where the defendant argues that he did not have knowledge of guilt and the evidence at trial supports an inference that the defendant was deliberately ignorant, meaning that (1) the defendant was subjectively aware of a high probability of illegal conduct and (2) he purposely avoided learning of the illegal conduct. *Nguyen,* 493 F.3d at 618–19.

According to Rivera–Razo, the instruction was not warranted because the case hinged on whether the jury believed testimony from Government witnesses that he confessed knowing he was carrying the cocaine found in a compartment in the floor of his van. However, more than merely calling into question the government witnesses' testimony that he admitted actual knowledge of the drugs, Rivera–Razo also urged the jury to credit his evidence and conclude that he had legitimate reasons for coming to the United States—namely, that he was shopping for heavy construction equipment for his two clients and that he wanted to buy a pickup truck—and had no knowledge of the drugs in the van. Accordingly, the district court did not err in determining that Rivera–Razo argued that he had no guilty knowledge. *See id.* at 618.

The evidence also suggested that Rivera–Razo was deliberately ignorant. Evidence of Rivera–Razo's suspicious behavior, including that he gave inconsistent statements to federal agents, lied about his travel to and within the United States, transcribed code words dictated to him by a client, had four cell phones—including a push-to-talk phone given to him by his clients—and carried cocaine worth as much as $4.45 million, supported an inference that he was subjectively aware of a high probability that the van he was driving contained drugs. *See id.* at 619–20; *see also United States v. Wofford,* 560 F.3d 341, 353 (5th Cir.2009) (explaining that "[f]alse or inconsistent statements have been held to support an inference that the defendant was subjectively aware of a high degree of probability of illegal conduct"); *United States v. Garcia–Flores,* 246 F.3d 451, 455 (5th Cir.2001) (noting that guilty knowledge may be inferred based on the quantity of drugs as long as other evidence supports the inference). Additionally, the suspicious circumstances surrounding Rivera–Razo's trips to the United States for his clients, including that (i) he intended to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

leave the van in the United States despite the fact that he had recently purchased insurance for it and registered it, (ii) his clients once accompanied him to the United States to show him the route to take and made him get out of the car and cross the border on foot, and (iii) one client dictated code words to him when he was en route to the United States, support an inference that he purposefully avoided learning of any illegal conduct. *See Nguyen,* 493 F.3d at 621.

In any event, there was substantial evidence that Rivera–Razo had actual knowledge that he was bringing drugs into the United States. Two government witnesses testified that Rivera–Razo admitted smuggling drugs, made inconsistent statements to the authorities, and was found with a list of code words in his van. Thus, any error in giving a deliberate ignorance instruction would have been harmless. *See United States v. McElwee,* 646 F.3d 328, 341 (5th Cir.2011); *see also United States v. Mendoza–Medina,* 346 F.3d 121, 134–35 (5th Cir.2003) (holding that the district court's error in giving a deliberate ignorance instruction was harmless where the defendant confessed and the confession was corroborated by other evidence).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.